1

2

3                    **UNITED STATES DISTRICT COURT**

4                        **DISTRICT OF NEVADA**

5                                * * *

6   State of Nevada,                        Case No. 2:24-cv-02114-JAD-DJA

7                    Plaintiff,
                                                       **Order**
8        v.

9   Mr. Clayton-M. Bernard-Ex,

10                   Defendant.

11          Pro se Defendant Mr. Clayton-M. Bernard-Ex filed an application to proceed *in forma*

12   *pauperis.*  (ECF No. 1).  However, Defendant's application is missing certain information.  The

13   Court thus denies the application without prejudice.

14   **I.      Discussion.**

15          Under 28 U.S.C. § 1915(a)(1), a party may bring a civil action "without prepayment of

16   fees or security therefor" if the party submits a financial affidavit that demonstrates the party "is

17   unable to pay such fees or give security therefor."  The Ninth Circuit has recognized that "there is

18   no formula set forth by statute, regulation, or case law to determine when someone is poor

19   enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th

20   Cir. 2015).  An applicant need not be destitute to qualify for a waiver of costs and fees, but he

21   must demonstrate that because of his poverty he cannot pay those costs and still provide himself

22   with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co*., 335 U.S. 331, 339 (1948).

23          The applicant's affidavit must state the facts regarding the individual's poverty "with

24   some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940

25   (9th Cir. 1981) (citation omitted).  If an individual is unable or unwilling to verify his or her

26   poverty, district courts have the discretion to make a factual inquiry into a party's financial status

27   and to deny a request to proceed *in forma pauperis*.  *See, e.g*., *Marin v. Hahn*, 271 Fed.Appx. 578

28   (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the

plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg*., No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

On his application, Defendant claims to make no money from any source, have no bills, have no property of any kind, have no dependents, and to have no debts. Almost the entirety of the application is blank. Defendant does not provide any detail in the application regarding how he lives considering his claim to have no money and no bills. The Court finds that Defendant has omitted information from the application. As a result, the Court cannot determine whether Defendant qualifies for *in forma pauperis* status.

The Court will give Defendant one opportunity to file a complete *in forma pauperis* application. The Court further orders that Defendant may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Defendant also may not leave any questions blank. Defendant must describe each source of money that he receives, state the amount he received, and what he expects to receive in the future.

The Court denies Defendant's *in forma pauperis* application without prejudice. The Court gives Defendant 30 days to file an updated application. Defendant must fully answer all applicable questions and check all applicable boxes. Defendant may alternatively pay the filing fee in full. Since the Court denies Defendant's application, it does not screen the complaint at this time.

**IT IS THEREFORE ORDERED** that Defendant's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

1    **IT IS FURTHER ORDERED** that Defendant has until **December 16, 2024** to file an

2  updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee.

3  **Failure to timely comply with this order may result in a recommendation to the district**

4  **judge that this case be dismissed.**

5    **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send

6  Defendant a copy of this order and of the Long Form application to proceed *in forma pauperis*

7  and its instructions.[1]

8

9    DATED: November 15, 2024

10    _____

11    DANIEL J. ALBREGTS
      UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 239.