**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| State of Nevada,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Mr. Clayton-M. Bernard-Ex,<br><br>　　　　　Defendant. | Case No. 2:24-cv-02114-JAD-DJA<br><br>**Order<br>and<br>Report and Recommendation** |

　　　Under 28 U.S.C. § 1915, removing defendant Clayton-M. Bernard-Ex is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 7). Bernard-Ex also submitted a notice of removal, purporting to remove a criminal case from the Las Vegas Justice Court. (ECF No. 1-1). Because the Court finds that Bernard-Ex's application is complete, it grants the application to proceed *in forma pauperis*. However, because Bernard-Ex has not alleged a basis for removing this action, the Court recommends remanding his case to the Las Vegas Justice Court and denying Bernard-Ex's motion to dismiss and motion for summary judgment (ECF Nos. 4, 5) as moot.

**I.　　*In forma pauperis* application.**

　　　Bernard-Ex filed the affidavit required by § 1915(a). (ECF No. 7). Bernard-Ex has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Bernard-Ex's notice of removal.

**II.　　Legal standard for screening.**

　　　Upon granting an application to proceed *in forma pauperis*, courts additionally screen the case under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

**III.     Screening the notice of removal.**

Bernard-Ex, who claims he is a "tax-exempt," "free sovereign American Citizen and 'nonresident alien,'" commenced this proceeding as a purported "removal" of a Las Vegas Justice Court case against him. (ECF No. 1-4 at 5). He seeks an award of $38.5 million in damages for his alleged "false arrest" and various other torts and constitutional violations. (*Id.*). Barnard-Ex relies on 28 U.S.C. § 1443(1) as the basis for his removal. (ECF No. 1-1 at 2). 28 U.S.C. § 1443 creates federal removal jurisdiction for actions brought against people who cannot enforce in state court "any law providing for the equal rights of citizens of the United States." 28 U.S.C. § 1443(1).

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

A defendant "who is denied or cannot enforce" his or her civil rights in state court may remove a civil action or criminal prosecution to federal court. 28 U.S.C. § 1443. Section 1433(1) was enacted "to remove from state courts groundless charges not supported by sufficient evidence when these charges are based on race and deny one his federally protected equal rights as guaranteed by Title II of the 1964 Civil Rights Act." *Walker v. Georgia*, 417 F.2d 5, 9 (5th Cir. 1969). Section 1443 provides, in pertinent part, that a "criminal prosecution[], commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending ... [if it is] [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).

A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92 (1966) and *City of Greenwood, Miss.*

*v. Peacock*, 384 U.S. 808, 824-28 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*; *see also Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006); *see Morgan Picks Two, LLC v. Borrell*, No. CV 20-02298 PA (EX), 2020 WL 1234190, at *1 (C.D. Cal. Mar. 11, 2020)

Here, Bernard-Ex does not allege any well pleaded facts that would support removal under § 1443, and therefore does not meet either part of the Supreme Court's test in *Georgia v. Rachel*. Bernard-Ex's notice of removal is filled with allegations concerning his displeasure with his arrest and subsequent court proceedings. He asserts that law enforcement officers did not have probable cause to arrest him on September 21, 2017, and used excessive force in doing so because twenty-seven officers responded to the scene. (ECF No. 1-1 at 2-3). He also asserts that he was pressured into taking a plea of *nolo contendere* on May 20, 2020. (*Id.*).

These allegations are insufficient as a matter of law. While Bernard-Ex vaguely references the Fourteenth Amendment and equal protection, he does not indicate that he has sought to invoke a law that provides "for the equal civil rights of citizens of the United States." He also fails to assert that he is unable to pursue such a claim or that the state court is unable or unwilling to enforce such a claim. Nothing in his notice of removal satisfies his burden to show that any potential deficiencies in Nevada's criminal procedures "command[s] the state courts to ignore" his federal rights. *See Patel*, 446 F.3d at 998-99 (citation omitted). The notice of removal's allegations are therefore insufficient to establish the Court's jurisdiction under 28 U.S.C. § 1443. Because the Court lacks subject matter jurisdiction, the Court recommends remanding this action to the Las Vegas Justice Court, Case No. 17F17046X. *See* 28 U.S.C. § 1447. The Court further recommends denying the motions that Bernard-Ex has filed into this case as moot. (ECF No. 4) (motion to dismiss); (ECF No. 5) (motion for summary judgment).

**ORDER**

**IT IS THEREFORE ORDERED** that Bernard-Ex's application to proceed *in forma pauperis* (ECF No. 7) is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Bernard-Ex a copy of this order.

**RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Bernard-Ex's case be **remanded** to the Las Vegas Justice Court, Case No. 17F17046X.

**IT IS FURTHER RECOMMENDED** that Bernard-Ex's motion to dismiss (ECF No. 4) and motion for summary judgment (ECF No. 5) be **denied as moot.**

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: January 10, 2025

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE